Austin L. Hade and Gladys Hade, Plaintiffs-Appellants, v. Milford Jontz and Barbara Jontz, Defendants-Appellees.

Gen. No. 68–32.

Third District.

September 22, 1969.

Rehearing denied October 21, 1969.

Watts C. Johnson, Peterson, Johnson & Martin, of Princeton, for appellants.

Roger V. Pierson, of Princeton, for appellees.

STOUDER, P. J.

This action was brought in the Circuit Court of Bureau County to recover damages for failure to pay a promissory note. The trial court sitting without a jury, entered judgment for Defendants from which judgment Plaintiffs have appealed.

Defendants, Barbara and Milford Jontz, husband and wife, indicated to L. D. Spaulding, Jr., an attorney, representing the estate of Mrs. Jontz's mother, that they wished to buy a house belonging to said estate. The purchase price of the house was established at $13,500 of which the purchasers needed to borrow $8,500. Spaulding through one Charles Mabry, contacted Plaintiffs, Austin and Gladys Hade, husband and wife, who, after examination of the premises agreed to make the loan. A check in the amount of $8,500 was drawn by Gladys Hade payable to L. D. Spaulding and delivered to Spaulding. On July 1, 1958, Spaulding drew the necessary instruments to convey the property to defendants including a trust deed to himself as trustee which contained the recital that said Trust Deed was executed and delivered to secure the payment of one promissory note, dated July 1, 1958, payable to the order of defendants and by defendants duly endorsed, said note being for the sum of $8,500, due seven years from date with interest at five percent per annum and prepayment privileges of $100 or any multiple thereof on any interest paying date. This trust deed was recorded in the office of Recorder of Deeds for Bureau County.

According to plaintiff, Hade's testimony, he went to Spaulding's office a few days after June 26, 1958, and re-

121

ceived a note purportedly executed by defendants, dated July 1, 1958, in the principal sum of $8,500, with interest at five percent payable semiannually due five years from date. Plaintiffs testified that this note was placed in their bank box and removed every six months to record the interest when paid and further that interest payments were received by them from Spaulding on January 6 and July 29, 1959, and January 4 and July 1, 1960. Plaintiffs testified that no further payments were ever received by them either on interest or principal. Hade also testified that he made other loans through Spaulding including the renewal of a loan subsequent to the loan involved in this case.

Defendants testified that they at no time knew the identity of the lenders, that the endorsement on the back of the note was a forgery, that they never signed the back of any note and that the note in question was paid in full by them to Spaulding on November 30, 1959.

Sometime during the latter part of 1960 or the early part of 1961, criminal charges were brought against Spaulding who was convicted in March of 1961 of several acts of forgery and embezzlement, sentenced to the penitentiary in Joliet and disbarred. In January of 1961, Defendants retained Attorney Roger V. Pierson, telling him they had never received their cancelled note. Pierson secured from Spaulding's office a release of the 1958 Trust Deed which release was recorded.

Testimony of another attorney who practiced in the area was to the effect that the practice followed by Spaulding was normal for legal practice in the area and was done to conceal the identity of the lender from the borrower. A letter from a handwriting expert was introduced over objection of the plaintiffs, which letter stated that while the signatures on the trust deed appeared to be those of Barbara and Milford Jontz, those on the face of the note and the endorsement thereof appeared to be forgeries.

Plaintiffs' claim that a pretrial motion for Admission of Fact as to the authenticity of the signatures was made by them to which defendants filed an unverified answer neither admitting nor denying the genuineness of the signatures on the face of the note but unequivocally denying that the endorsement was genuine.

Plaintiffs argue that failure to answer under oath to a notice to admit, admits the facts contained in the notice that Spaulding, as agent for defendants, had the authority to execute and deliver the note in question and that payment by defendants before maturity to a person who did not have custody of the note was at the peril of the borrowers and cannot defeat the claim of the holder of the note. Defendants argue that Spaulding was at all times the agent of plaintiffs whose interest remained undisclosed to defendants until April, 1961, and that defendants proved payment to Spaulding which is a defense to the action.

 In the view we take of this case, it is apparent that Spaulding was acting as agent for plaintiffs for the purpose of accepting payments from defendants. We believe this case is indistinguishable from Hoiden v. Kohout, 12 Ill App2d 161, 138 NE2d 852, in which the court of review reversed the decree of the trial court in favor of the lender. Plaintiffs had made other loans through Spaulding and the evidence relating to the course of conduct was sufficient to warrant the conclusion that Spaulding was the plaintiffs' agent. Plaintiffs at all times knew the identity of defendants and could at any time have notified defendants that future payments were to be made to plaintiffs. Defendants, on the other hand, at no time knew of the interest of plaintiffs and were quite justified in making payments to Spaulding unless and until notified to do otherwise. As between two innocent parties, one of whom must sustain a loss occasioned by the wrongdoing of a third party, the loss must be sustained by that

party who could have prevented the loss, in the instant case plaintiffs.

We cannot accept the argument that the loan being paid before maturity affected the above proposition. Since Spaulding was authorized to deal with the loan as though he were the lender, it goes without saying that he had the authority to accept the payment as he did.

■ The evidence concerning the note upon which this action was brought was conflicting. There is doubt as to whether the note is genuine, there is doubt as to whether it is the note referred to in the trust deed and there is doubt as to whether it is the note which defendants admit signing. These doubts were resolved by the trial court in defendants' favor and we are not disposed to dispute the trial court's finding in view of the conflict in the evidence.

For the foregoing reasons the judgment of the Circuit Court of Bureau County is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.