HAROLD J. CARNEKE *et al.*, Plaintiffs-Appellees, *v.* LAWRENCE KIETRYS *et al.*, Defendants-Appellants.

(No. 71-31;

Second District—September 23, 1971.

Diver, Ridge, Brydges & Bollman, of Waukegan, (Robert M. Bollman, of counsel,) for appellants.

Richard J. Smith, of Waukegan, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from a declaratory judgment suit in which the trial court found for the plaintiffs-appellees. The case was heard upon a stipulation of facts.

The plaintiffs, owners of the property involved, went to W. T. Markow for the purpose of borrowing $10,000. The plaintiffs had previously borrowed money from Markow. The plaintiffs executed an installment note in the office of Markow payable to bearer in the sum of $10,000 secured by a trust deed to the Chicago Title & Trust Company. Markow received the $10,000 from the defendant, Lawrence Kietrys. From the proceeds of the $10,000 Markow was to pay off the encumbrance on their residence. The plaintiffs did not know that Kietrys provided the money and did not meet him until subsequent to the death of Mr. Markow. Markow paid off obligations in the sum of $4669.92; one of the obligations to be paid off was the first mortgage to the Schwandt Realty Company. Markow did not pay off the Schwandt Realty Company mortgage but made payments on account. At the death of Mr. Markow

it was disclosed that there was a balance due on the Schwandt Realty Company mortgage of $4946.76 together with interest. Kietrys allowed Markow to collect the monthly installments for which he paid the sum of fifty cents a month. The amount of the payments on the $10,000 Kietrys mortgage had reduced the principal from $10,000 to $8659.98 at the time of the death of Mr. Markow.

The trial court found that Markow was the agent of the defendant Kietrys. The court further found that the shortage of $5,330.08 should be deducted from the amount due Kietrys on his mortgage. The defendant Kietrys appealed.

The question before this court is whether or not Markow was an agent of either the borrower or the lender. The borrowers went to Markow and received the money from him in exchange for a trust deed note. They thought they were dealing with Markow as the principal and that the $10,000 was Markow's funds. At no time did they know that Kietrys was in fact the owner of the note and mortgage. Markow retained the note upon which he marked the payments made by the Carnekes, the borrowers.

At the outset, it is the opinion of this court that Markow was not the agent of the borrowers. The question then arises whether or not Markow was the agent of the lender Kietrys, the appellant.

Three cases have been cited by counsel which appear to be controlling. (*Brenner v. Franke* (1958), 18 Ill.App.2d 202, 151 N.E.2d 650.) The defendants therein, the Frankes went to the office of one Ed P. Pietri who was conducting a comparable business to that of Markow in this case, and gave him their note and mortgage for $6000 payable to one Dungey, an associate in the Pietri agency. The lenders, that is, the Brenners, had purchased mortgages from Pietri during his lifetime.

Apparently Dungey embezzled the funds and died. The court held that the dealings of both parties with the Pietri agency and Dungey were arm's length transactions. The court further held that the mortgagors gave Dungey the note and mortgage to sell and that the basic problem was whether the plaintiff lenders had a duty to see that the $6000 was properly applied by Dungey whom the court held to be the broker for the mortgagors. The court said at page 653:

"Where one of two innocent parties must suffer the loss must fall on the one who makes the loss possible or whose agent occasioned the loss. [citation.]"

This court does not believe that the facts in *Brenner v. Franke,* supra, are similar to the facts in the instant case.

In *Hade v. Jontz* (1969), 114 Ill.App.2d 120, 252 N.E.2d 401, a somewhat similar situation took place. The defendants there being the bor-

rowers went to one Spaulding to borrow $8500. The plaintiffs Hade gave the sum of $8500 to Spaulding. Spaulding was convicted of forgery and embezzlement, sentenced to the penitentiary, and disbarred apparently for embezzling the proceeds of the loan. The defendants in this case at no time knew the identity of the lenders. The court there held that Spaulding was the agent for the plaintiff lenders for the purpose of accepting payments from the defendants, and held that the case was indistinguishable from *Hoiden v. Kohout* (1956), 12 Ill.App.2d 161, 138 N.E.2d 852. The court said at page 403:

"Plaintiffs had made other loans through Spaulding and the evidence relating to the course of conduct was sufficient to warrant the conclusion that Spaulding was the plaintiff's agent. Defendants, on the other hand, at no time knew of the interest of plaintiffs and were quite justified in making payments to Spaulding * * *."

The court went on to say

"As between two innocent parties, one of whom must sustain a loss occasioned by the wrongdoing of a third party, the loss must be sustained by that party who could have prevented the loss, in the instant case plaintiffs."

In *Hoiden v. Kohout,* supra, the Kohouts went to one Sykora seeking a loan. A loan was made for $5000. It appears that Emily Hoiden had purchased mortgages from Sykora over a period of years and she had no personal contact as lender with the borrowers. Sykora absconded. The court in that case at page 854 said:

"The practice of holders of bearer notes remaining unknown to borrowers is by no means uncommon in this community. It means, however, that the note holder must create an agency. In this case, as in many others, the mortgage dealer and trustee was the agent. The inevitable conclusion from the uncontroverted testimony is that plaintiff knew and approved of Sykora's receiving payments of principal and interest from borrowers * * *."

The court went on to say that Sykora was proven to be the agent of the lender and that payment to a duly authorized agent is payment to the principal.

We believe that the decisions in *Hade v. Jontz, supra,* and *Hoiden v. Kohout, supra,* are controlling. In the instant case the borrowers went to Markow believing that he was loaning them the $10,000 while as a matter of fact Markow had received the sum of $10,000 from Kietrys, the lender. In this respect this case is most comparable to *Hade v. Jontz, supra* and *Hoiden v. Kohout, supra,* and if anything, more persuasive that Markow was in fact the agent of Kietrys for the purpose of collecting the loan Kietrys had made for which he paid Markow a small com-

mission for so doing. There is no question but that Schwandt Realty Company has an existing first mortgage upon which they are entitled to be paid the balance due. Inasmuch as we have held that Markow was the agent of Kietrys it was his duty as agent on behalf of Kietrys to see that the first morageg was paid. As the trial court held after deducting the shortage of $5,530.08, occasioned by Markow, the agent of Kietrys, the amount due on the Kietrys' mortgage of $10,000 was the principle sum of $4,669.92.

The judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.